UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN A. ROMERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>　　　　Defendants. | No. 14-cv-02954-TLN-DAD<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND** |

This matter is before the Court pursuant to Defendant Nationstar Mortgage LLC's ("Defendant") Motion to Dismiss the Complaint filed by Plaintiff Christian A. Romero ("Plaintiff"). (ECF No. 6.) Plaintiff filed an opposition to Defendant's Motion to Dismiss (ECF No. 14), and Defendant filed a reply to the response (ECF No. 20). The Court has reviewed and considered the arguments raised by the briefing. For the reasons set forth below, the Court hereby DENIES IN PART and GRANTS IN PART Defendant's Motion to Dismiss. (ECF No. 6.)

**I.     FACTUAL BACKGROUND**

Plaintiff purchased a home in 2006 by obtaining a mortgage through Countrywide Home Loans ("the loan"). (ECF No. 1 at ¶ 6.) Thereafter, BAC Home Loan Servicing LP ("BAC"), a subsidiary of Bank of America, acquired rights to service the loan. (ECF No. 1 at ¶¶ 1, 7.) In 2008, Plaintiff was unable to make his monthly payments on time. In early 2009, Plaintiff

1

requested a loan modification from BAC.  (ECF No. 1 at ¶¶ 8–9.)

In September of 2009, Plaintiff began a Trial Period Plan ("TPP") with BAC pursuant to the federal Home Affordable Modification Program ("HAMP").  (ECF No. 1 at ¶ 10.)  The TPP offer letter (attached to the Complaint as Exhibit 2)[1] stated that if Plaintiff was "in compliance with [the TPP] and [Plaintiff's] representations in section 1 continue to be true in all material aspects, then the Servicer will provide [Plaintiff]" with a loan modification agreement that would modify the loan.  (ECF No. 1 at 17.)  The TPP required three timely payments on October 1, 2009, November 1, 2009, and December 1, 2009, and at the new monthly payment amount.  (ECF No. 1 at ¶ 11.)

Plaintiff alleges that he signed and returned the required documents, then made all three payments as required by the TPP.  (ECF No. 1 at ¶ 12.)  BAC then failed to provide a loan modification agreement.  (ECF No. 1 at ¶ 12.)  From 2010 until Plaintiff initiated bankruptcy proceedings in 2011, Plaintiff alleges he attempted to finalize the loan modification agreement with BAC.  (ECF No. 1 at ¶¶ 13–14.)  Plaintiff was then informed by BAC that the loan modification agreement could not be finalized while Plaintiff was in bankruptcy proceedings. (ECF No. 1 at ¶ 14.)

Plaintiff resumed his attempts to finalize the loan modification agreement with BAC upon discharge of the bankruptcy in January of 2013.  Defendant was notified that the loan was transferred to a new loan servicer, Nationstar Mortgage ("Defendant"), in August of 2014.  (ECF No. 1 at ¶ 15–16.)  Plaintiff started a new loan modification on August 25, 2014, after Defendant informed him that he would need to start the loan modification process over.  (ECF No. 1 at ¶¶ 17–18.)  In mid-September, Plaintiff received a notice of default.  (ECF No. 1 at 69.)

Plaintiff contacted Defendant from August 26, 2014 until November of 2014, in attempts to complete a new loan modification package.  (ECF No. 1 at 11, 18.)  Plaintiff filed the instant complaint in November of 2014.  (ECF No. 1 at 20.)  Plaintiff alleges that his single point of contact ("SPOC") with Defendant continually failed to return his calls, and that Defendant

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

2

repeatedly requested documents that had already been submitted. (ECF No. 1 at 18–20.) Plaintiff filed the instant case to forestall non-judicial foreclosure that he expected to occur in November of 2014. (ECF No. 1 at ¶ 36.)

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-plead" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

//

### III. ANALYSIS

Plaintiff alleges six causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California's Homeowner's Bill of Rights ("HBOR"); (4) negligence; (5) declaratory relief; and (6) preliminary injunction. (ECF No. 1 at 20–29.) The Court addresses each cause of action in turn.

#### A. Breach of Contract (Count I)

Plaintiff alleges that Defendant breached a contract by failing to offer a loan modification after completion of the TPP, and instead moving forward with the non-judicial foreclosure process. (ECF No. 1 at 20.) Defendant disputes that a contract exists. Defendant also asserts as follows: the TPP terminated by its own terms before the loan assignment to Defendant occurred; Defendant cannot be liable for the breach of contract claim because they were not a party to the TPP; Plaintiff has failed to establish damages; and any cause of action for breach of contract belongs to Plaintiff's bankruptcy estate. (ECF No. 7 at 4–6.)

"A cause of action for breach of contract requires [1] the pleading of a contract, [2] plaintiff's performance or excuse for failure to perform, [3] defendant's breach, and [4] damage to plaintiff resulting therefrom." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1469 (2006).

##### 1. *Existence of a Contract and Liability*

HAMP is a federal program that offers incentives to loan servicers in exchange for providing homeowners with options to avoid going into foreclosure. The program was enacted in response to the foreclosure crisis of 2008–09. Harry D. Miller & Marvin B. Starr, Miller and Starr California Real Estate 3D § 10:180 (3d ed. 2013).

One of the guiding principles that have emerged from recent cases interpreting HAMP is that a contract for a loan modification is created upon successful completion of a TPP. *Wigod v. Wells Fargo Bank, NA*, 673 F.3d 547 (7th Cir. 2012) (holding that an enforceable contract was created despite refusal of lender to send an offer); *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 880 (9th Cir. 2013) *as amended on reh'g in part* (Sept. 23, 2013) (expressly adopting the holding of *Wigod*); *Reader v. Bank of America, NA*, 582 Fed. App. 719 (9th Cir. 2014) (reversing

1   district court decision made prior to *Corvello* that found no contract upon successful completion
2   of TPP).  The lender may have limited discretion as to the precise terms of the offer, but the
3   lender must offer a good faith permanent loan modification upon completion of the TPP.  *Wigod*,
4   673 F.3d at 565; *Bushell v. JPMorgan Chase Bank, NA*, 220 Cal. App. 4th 915, 923–24 (2013).
5   This Court recently held in *Meixner v. Wells Fargo Bank, NA* that a cause of action for breach of
6   contract existed where the lender failed to offer a loan modification upon completion of the TPP.
7   *See Meixner*, No. 2:14-CV-02143-TLN, 2015 WL 1893514 (E.D. Cal. Apr. 24, 2015).

8        In *Meixner*, the plaintiff was denied a loan modification because he allegedly did not
9   qualify after successfully completing a TPP.  *Id.* at *7.  Yet in order to have participated in a TPP,
10  a determination by the lender that the homeowner was qualified was necessarily already
11  completed.  *Id.*  This Court applied *Corvello* and held that the homeowner successfully completed
12  the terms of the TPP and a contract was formed.  *Id.* at *8.

13       Here, the alleged facts are similar to those in *Meixner*.  The terms of the TPP stated that so
14  long as Plaintiff complied with the TPP and the representations made by Plaintiff in the TPP
15  remained true, Plaintiff would be provided with a loan modification agreement.  (ECF No. 1 at
16  40.)  Plaintiff alleges that he submitted the required documentation to the lender and successfully
17  completed the TPP by making the three trial period payments.  (ECF No. 1 at ¶ 12.)  Unlike
18  *Meixner*, Plaintiff was never specifically denied a modification.  (ECF No. 1 at ¶ 15.)  Rather,
19  Plaintiff was told that "the loan modification was being processed" when he inquired about its
20  status.  (ECF No. 1 at ¶ 13.).  The Court finds that Plaintiff has provided sufficient facts to find
21  that a contract for a loan modification existed upon completion of the TPP.  Defendant argues that
22  the contract self-terminated if no offer was made (ECF No. 7 at 5).  However, this argument is
23  unpersuasive since it is identical to the one rejected by the Ninth Circuit in *Corvello*.  *Corvello*,
24  728 F.3d at 883.  Thus, the Court turns to whether Defendant can be held liable for BAC's alleged
25  breach.

26       Defendant argues that they cannot be held liable for breach of contract because they were
27  not a party to the original TPP, and they did not assent to the obligations of the TPP when they
28  were assigned Plaintiff's loan.  (ECF No. 7 at 5.)  The Court finds that two separate sources

6

impose liability on Defendant for the contract between Plaintiff and BAC: HBOR and HAMP.

Section 2924.11(g) of HBOR states that:
> If a borrower has been approved in writing for a first lien loan modification or other foreclosure prevention alternative, and the servicing of that borrower's loan is transferred or sold to another mortgage servicer, the subsequent mortgage servicer shall continue to honor any previously approved first lien loan modification or other foreclosure prevention alternative, in accordance with the provisions of the act that added this section.

Cal. Civ. Code § 2924.11(g) (West 2013). Therefore, an agreement between the borrower and lender for a loan modification becomes binding on the servicer as soon as the loan is transferred. *Mendonca v. Caliber Home Loans, Inc.*, No. CV-14-02384-BRO-AJWX, 2015 WL 1566847, at *8 (C.D. Cal. Apr. 6, 2015) (citing Cal. Civ. Code § 2924.11(g)).

As shown above, Plaintiff has alleged facts in support of an enforceable contract between Plaintiff and BAC for a loan modification upon completion of the TPP and submission of all the required documentation. (ECF No. 1 at 17.) Thus, the requirements of section 2924.11(g) are satisfied, and the subsequent servicers (i.e., Defendant) are required to honor the prior agreement.

Liability is also imposed by the terms of participation in HAMP. Loan servicers, such as Defendant and BAC, are required to sign a Servicer Participation Agreement ("SPA"), which addresses this issue.[2] The "Servicer Handbook" states that if loans eligible to participate in the HAMP program ("eligible loans") are transferred, the transferee servicer assumes the obligations of the transferor under their own SPA. If the transferee servicer has not signed an SPA, then section 8(A) of the template SPA states that an "Assignment and Assumption Agreement" ("Assignment") must be completed when transferring loans, and that the Assignment must list all the eligible loans being transferred. The Assignment itself, Exhibit D to the SPA, states that "Assignor has agreed to assign to Assignee all of its rights *and obligations* under the [Servicer Participation Agreement]" for all eligible loans (emphasis added). Finally, section (C)(3) of the SPA states that the servicer may not transfer or assign any "mortgage loans or servicing rights" in

---

[2] The Court takes judicial notice of the servicer materials, *sua sponte*, pursuant to Fed. R. Evid. 201(c)(1). The "Servicer Participation Agreement," "Servicer Handbook" and "Assignment and Assumption Agreement" are provided by Fannie Mae (a federal quasi-administrative agency) to loan servicers via www.hmpadmin.com, an "administrative website for servicers" of HAMP. Thus, the accuracy of the documents is not subject to reasonable dispute because it can be accurately determined from a source whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1).

1  a way that circumvents, either directly or indirectly, the servicer's obligations under the SPA.

2  Thus, whether or not Defendant signed an SPA, they assumed the obligations of BAC
3  when they were assigned Plaintiff's loan.  If Defendant is a participating servicer, then they are
4  obligated under their own SPA.  If they are not a participating servicer, then the Assignment and
5  Assumption Agreement expressly transfers the obligations of the assignor.  Simply stated, the
6  HAMP guidelines do not allow for a loan servicer (i.e., BAC) to negate a loan modification
7  contract by transferring the loan to a third party (i.e., Defendant).

8      **2.**  ***Damages***

9  Defendant argues that there are no damages even if, *arguendo,* there was a breach of
10 contract.  (ECF No. 5 at 6).  Time spent contacting lenders, engaging in the loan modification
11 process, and reductions in the homeowner's credit score are among those consequences that have
12 been upheld as damages flowing from the breach of a contract to provide a loan modification.
13 *Bushell*, 220 Cal. App. 4th at 928; *see also Randell v. Flagstar Bank*, No. 2:14-CV-1575-TLN-
14 CMK, 2015 WL 2159595 (E.D. Cal. May 7, 2015) (in which this Court held that injuries similar
15 to those in *Bushell* constituted damages).

16 Plaintiff specifically alleges that he had to spend considerable effort and time to contact
17 Defendant over the course of nearly two months due to the breach of contract.  (ECF No. 1 at 18–
18 20.)  Plaintiff further alleges damages such as a reduction in his credit score due to default, and
19 penalties that have reduced his home equity.  (ECF No. 1 at ¶¶ 73–74.)  Thus, Plaintiff has
20 adequately pleaded damages.

21     **4.**  ***The Bankruptcy Estate***

22 Defendant further argues that even if there is a breach of contract claim, the cause of
23 action belongs to Plaintiff's bankruptcy estate.  (ECF No. 5 at 5.)  The debtor transfers their
24 property interests to the bankruptcy estate upon filing for bankruptcy.  11 U.S.C. § 541(a).
25 Causes of action are included within the broad scope of property interests that belong to the
26 bankruptcy estate.  *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th
27 Cir. 1986) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983)).  Causes of
28 action that accrue prior to the opening of the bankruptcy case must be included in the bankruptcy

1   estate. *See Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

2   Here, the breach occurred on August 25, 2014, after Plaintiff was told the prior loan
3   modification agreement would not be honored and the loan modification process with Defendant
4   began. (ECF No. 1 at ¶¶ 17–18). The bankruptcy case was filed in 2011 and discharged in 2013.
5   (ECF No. 1 at ¶ 14.) Thus, the cause of action does not belong to the bankruptcy estate because
6   the breach of contract occurred after the bankruptcy proceedings concluded.

7   For the reasons set forth above, Plaintiff has sufficiently pleaded a claim for breach of
8   contract and the motion to dismiss the first claim is DENIED.

9      **B.  Breach of Implied Covenant of Good Faith and Fair Dealing (Count II)**

10  "Under California law, which applies, all contracts contain an implied covenant of good
11  faith and fair dealing. This covenant requires each contracting party to refrain from doing
12  anything to injure the right of the other to receive the benefits of the agreement." *San Jose Prod.*
13  *Credit Ass'n v. Old Republic Life Ins. Co.,* 723 F.2d 700, 703 (9th Cir. 1984) (internal quotations
14  omitted).

15  Plaintiff alleges that he was forced to restart the entire loan modification process after the
16  loan transfer to Defendant, even though he had completed the TPP and therefore was entitled to a
17  loan modification. (ECF No. 1 at ¶ 17.) As in *Randell*, Plaintiff alleges he was strung along,
18  contacting Defendant almost daily with calls left unreturned, sending documents only to have
19  additional documents requested, and unsuccessfully seeking updates on the status of his loan
20  modification. *Randell*, 2015 WL 2159595 at *6; (ECF No. 1 at ¶¶ 18–20.) Plaintiff alleges that
21  he never received confirmation of receipt of any documents he sent in, and in one case sent in the
22  same document three times. (ECF No. 1 at ¶¶ 28, 35.)

23  Defendant's primary argument is that the claim fails because there is no underlying
24  contract, but this argument fails because Plaintiff has alleged sufficient facts to find the existence
25  of a contract. (ECF No. 14 at 6.) Drawing inferences in favor of the non-moving party, Plaintiff
26  has sufficiently pleaded a breach of the implied covenant of good faith and fair dealing.
27  Therefore, Defendant's motion to dismiss Plaintiff's second claim is DENIED.

28

### C. Violation of HBOR (Count III)

Plaintiff alleges that Defendant violated section 2923.6 of HBOR. Section 2923.6(c) states that if a complete application for a loan modification has been submitted to "*the* borrower's mortgage servicer, *a* mortgage servicer . . . shall not record a notice of default." Cal. Civ. Code § 2923.6 (West 2013) (emphasis added).

The plain language of the statute does not require that a new loan application be submitted to the most recent mortgage servicer. Plaintiff's original loan modification application with BAC was still pending because it was never approved or denied. (ECF No. 1 at ¶ 17.) As shown above, the facts indicate that Defendant assumed BAC's obligations when the loan was transferred. Therefore, the Notice of Default filed by Defendant in September of 2014 was in violation of section 2923.6 because a completed loan modification application had already been submitted and was still pending. (ECF No. 1 at 69.) As such, Defendant's motion to dismiss Plaintiff's third claim is DENIED.[3]

### D. Negligence Claim (Count IV)

For a negligence claim, the defendant must owe a duty to the plaintiff, the defendant must breach that duty, and the breach must be the proximate or legal cause of plaintiff's injuries. *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal. 4th 666, 673 (1993). Lenders have a duty of care to reasonably process a loan modification application where it is foreseeable that failure to do so will result in significant harm to the borrower. *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 948 (2014). In *Alvarez*, the court found that the facts alleged by the plaintiff — that the defendant lender breached their duty of care by: (1) failing to review the application in a timely manner; (2) foreclosing on the plaintiffs' properties while a loan modification application was pending; and (3) mishandling the plaintiffs' application — sufficed to support the plaintiff's negligence cause of action. *Id.* at 945.

In *Alvarez*, the plaintiff alleged that the loan modification proceedings occurred over a two year period, during which the lender claimed that it did not receive documents that plaintiffs

---

[3] Plaintiff successfully pleads a violation of section 2923.6, and so it is unnecessary to evaluate the supplemental arguments for violation of Cal. Civ. Code § 2923.7 raised in Plaintiff's Opposition (ECF No. 14) and Defendant's Reply (ECF No. 20).

1  alleged they had sent in, denied the loan modification by relying on incorrect income values, and,
2  incorrectly claimed a second lien holder prevented approval of a loan modification. *Id*. The
3  plaintiffs' property was subsequently foreclosed. *Id*.

4  By contrast, in *Breining v. Ocwen Loan Servicing, LLC*, this Court compared the lender's
5  alleged conduct to that alleged in *Alvarez,* and found that the defendant lender's conduct did not
6  amount to a breach of their duty of care. *See Breining*, No. 13-CV-2441-TLN-DAD, 2015 WL
7  1405501, at *6 (E.D. Cal. Mar. 26, 2015). In *Breining*, the lender filed a notice of default even
8  though the plaintiff had a complete loan modification application pending. *Id.* at *1. The lender
9  told the plaintiff that documentation was missing, but plaintiff alleged the documents had been
10  sent in. *Id.* However, in contrast to *Alvarez*, the lender did not erroneously deny the application,
11  and did not foreclose upon the home. *Id.* Therefore, this Court found that the plaintiff had not
12  alleged facts sufficient to state a claim that defendant breached their duty of care. *Id.* at *6.

13  Here, the Plaintiff's allegations are similar to those in *Breining*. Plaintiff alleges that a
14  notice of default has been filed despite a pending complete loan modification application. (ECF
15  No. 1 at ¶ 12.) Plaintiff alleges that Defendant has repeatedly asked for new documents, or for
16  documents that have already been submitted. (ECF No. 1 at ¶ 18–20.) As in *Breining*, Plaintiff's
17  home has not been foreclosed, and the loan modification has not been denied. (ECF No. 1 at 20.)
18  Since there has not been a resolution as to Plaintiff's application, Plaintiff cannot allege that
19  Defendant has erroneously denied their application and breached its duty. Therefore, the facts are
20  insufficient to sustain a claim that Defendant has breached their duty of care, and Defendant's
21  motion to dismiss Plaintiff's fourth claim is GRANTED.

22  **E.   Declaratory Relief and Injunctive Relief (Counts V and VI)**

23  Both parties agree that claims five and six for declaratory relief and injunctive relief,
24  respectively, should be dismissed with leave to amend because they are remedies, not causes of
25  action. (ECF No. 14 at 17–18.) Therefore, Defendant's motion to dismiss Plaintiff's fifth and
26  sixth claims is GRANTED.

27
28

### IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (ECF No. 6). The Court orders as follows:

1. Defendant's Motion to Dismiss as to COUNT I is DENIED.
2. Defendant's Motion to Dismiss as to COUNT II is DENIED.
3. Defendant's Motion to Dismiss as to COUNT III is DENIED.
4. Defendant's Motion to Dismiss as to COUNT IV is GRANTED.
5. Defendant's Motion to Dismiss as to COUNT V is GRANTED.
6. Defendant's Motion to Dismiss as to COUNT VI is GRANTED.

The Court shall allow Plaintiff to file an amended complaint as to Counts IV, V and VI. Should Plaintiff elect to do so, it must be filed with this Court within twenty-one (21) days from the entry of this order.

IT IS SO ORDERED.

Dated: July 14, 2015

Troy L. Nunley
United States District Judge